IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE WHITE GRIMES, #1167184, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-1942-O (BK) |
| | § | |
| RICK THALER, Director, TDCJ-CID, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set out below, it is recommended that the petition be dismissed as moot.

### I. BACKGROUND

At the time of filing this action, Petitioner was confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). After the filing of Respondent's answer, Petitioner was released from custody and her whereabouts are presently unknown.[1]

### II. DISCUSSION

Petitioner's release from custody requires the Court to examine whether it has jurisdiction over this action. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"

---

[1] On March 30, 2011, TDCJ confirmed telephonically that Petitioner had been released from custody in January 2011.

*United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoted case omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoted case omitted).

In this case, Petitioner did not attack her conviction. (Doc. 3 at 5.) Rather she sought a more speedy release from custody, claiming Respondent had improperly calculated her sentence and failed to give her 100 days of pre-sentence jail time credits. *Id.* Her release from custody renders moot her request for pre-sentence jail time credits and earlier release. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*per curiam*) (federal prisoner's release from custody rendered moot habeas corpus petition, which sought release from confinement, expungement of disciplinary reports, and restoration of lost statutory good time and meritorious good time). Because an Article III case or controversy no longer exists, the Court lacks jurisdiction to consider the habeas petition in this case.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** the habeas corpus petition for want of jurisdiction the same being moot.

SIGNED March 31, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE